IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| SOUTHERN STAR CENTRAL GAS PIPELINE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-5048-CV-SW-WAK |
| COLLINS & HERMANN, INC., et al., | ) ) | |
| Defendants. | ) | |

**ORDER**

A recorded telephone conference was held on December 3, 2008, to discuss the pending motion to compel discovery. The issues were addressed and rulings were made on the record during the conference.

Also pending is defendants' motion for judgment on the pleadings. Defendants seek judgment on Counts III and IV of the Amended Complaint on the basis that plaintiff has improperly asserted negligence per se theories of liability for violations of the Overhead Power Line Safety Act, Mo. Rev. Stat. §§ 319.075 to 319.090. Defendants also move to limit plaintiff's negligence claims in Count II to vicarious liability.

Plaintiff responds that defendants have relied upon cases that are distinguishable, factually and procedurally, from this case, and that plaintiff has not alleged multiple theories of imputed liability.

The standard for judgment on the pleadings is a strict one. The movant must clearly establish that there are no material issues of fact and judgment is appropriate as a matter of law. Lion Oil Co., Inc. v. Tosco Corp., 90 F.3d 268, 270 (8th Cir. 1996); National Car Rental System, Inc. v. Computer Associates Intern., Inc., 991 F.2d 426, 428 (8th Cir. 1993). The court accepts as true the facts pled by the nonmoving party and draws all reasonable inferences from the pleadings in that party's favor. Id.

In its first and second amended complaints, plaintiff prays for damages caused by a gas leakage and gas outage which occurred when the boom of a pile driver came into contact with

overhead power lines and knocked them down. The downed power lines caused a ground fire and arching, which caused or contributed to cause a gas leak in plaintiff's pipeline. As a consequence, plaintiff had to shut down operation of the pipeline, which resulted in an extended outage of gas service to plaintiff's downstream customers.

Defendants have admitted to being vicariously liable for defendant Kelly's actions. Kelly was the driver of the boom when it came into contact with the power lines. In December 2007, he was convicted of a Class B misdemeanor, for performing activities within ten feet of high voltage overhead lines, under the Overhead Power Line Safety Act.

Defendants first claim that the Act does not allow for a negligence per se claim because it sets forth a rebuttable presumption of negligence for violation of the Act. In support, defendants refer to The Underground Facility Safety and Damage Prevention Act, which has a similar rebuttable presumption and one underground facility case from 1989[1], in which a negligence per se claim was dismissed.

Plaintiff notes that the single case cited by defendants was based on a different and irrelevant statute, and asserts the case is clearly distinguishable. Plaintiff's position is that the OPLSA is a safety statute to which negligence per se applies.

A statutory violation as negligence per se falls within the Negligence Doctrine and is defined in Restatement (Third) of Torts: Liability for Physical Harm (Proposed Final Draft, approved but not yet published) § 14. It states "[a]n actor is negligent if, without excuse, the actor violates a statute that is designed to protect against the type of accident the actor's conduct causes, and if the accident victim is within the class of persons the statute is designed to protect." Negligence per se provides for an excuse defense which is not incompatible with the statutory rebuttable presumption provision.

After considering the suggestions filed by the parties, reading the cited cases, and noting a lack of published opinion supporting defendants' theory, the court is not persuaded that the statute and the Union Electric Co. v. Brown case preclude a theory of negligence per se. Thus, defendants have not shown at this stage of the proceedings that they are clearly entitled to judgment as a matter of law on that basis. Further, Missouri Rule of Civil Procedure 55.10

---

[1] Union Electric Co. v. Brown, 178 S.W.2d 409 (Mo. App. 1989).

2

authorizes pleading in the alternative such that plaintiff may plead both negligence per se and common law negligence claims.

Defendants next assert Missouri law precludes plaintiff from pleading additional theories of imputed liability in Count II because Collins & Hermann, Inc., have admitted vicarious liability for Kelly's actions. Defendants cite McHaffie v. Bunch, 891 S.W.2d 822 (Mo. banc 1995), for the proposition that once a party admits vicarious liability under respondeat superior, it is improper to allow the plaintiff to proceed on any other theory of imputed liability.

Plaintiff responds that discovery has not been completed and it has not yet determined under what theory or theories it will choose to submit. Additionally, plaintiff has moved for leave to file a second amended complaint which adds claims for punitive damages.

The addition of punitive damage claims will permit discovery in areas that might be precluded if this case addressed only the negligence of Kelly, for which Collins & Hermann, Inc., has admitted vicarious liability. (Kelly was its employee and his actions relative to this case were within the course and scope of his employment.) Thus, there is nothing to be gained by permitting plaintiff to proceed against Collins & Hermann, Inc., on other theories of imputed liability. See McHaffie v. Bunch, 891 S.W.2d at 826. That does not, however, preclude the possibility of liability based on negligence by Collins & Hermann, Inc., that is not derived from, or dependent upon, the negligence of Kelly. Nor does it preclude possible punitive damages against the employer which would not be assessed against the employee.

Accordingly, it is

ORDERED that plaintiff's motion to compel discovery is denied, in part, and granted, in part, in accord with the discussion and rulings made during the conference on December 3, 2008. [30] It is further

ORDERED that plaintiff is granted leave to file its proposed second amended complaint. [47] It is further

ORDERED that the last portions of paragraph 30 of the second amended complaint relating to failure to train and to equip are stricken, and paragraph 30 now stops after the clause, "causing them to fall to the ground." It is further

ORDERED that defendants' motion for judgment on the pleadings is granted with respect to other theories of imputed liability in Count II, and denied in all other respects. [23]

Dated this 29th day of December, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4